UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARKASHA ZEPEDA, | |
| Plaintiff, | |
| v. | No. 20 CV 4458 |
| ATLANTIC SPECIALTY INSURANCE CO., INC., et al., | Judge Manish S. Shah |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

After her husband's death, Arkasha Zepeda sought insurance benefits from Atlantic Specialty Insurance Company, Inc. The company failed to accept or deny her claim, so she filed a lawsuit in state court, alleging that it owed her benefits and had violated the Illinois Insurance Code. Atlantic Specialty removed the case to federal court and filed a motion to dismiss and compel arbitration, and plaintiff filed a motion to remand. For the reasons discussed below, the motion to remand is denied and the motion to dismiss and compel arbitration is granted in part, denied in part.

I.  **Legal Standard**

A complaint must contain a short and plain statement that plausibly suggests the violation of a legal right. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). At the motion to dismiss stage, I accept the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Iqbal* at 678–79. I do not accept allegations that are unsupported, conclusory, or legal conclusions. *Id.* I may consider documents

attached to the complaint and documents that are referenced in and central to its claims. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018).

Courts review motions to compel arbitration under a standard analogous to summary judgment. *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The party opposing arbitration must raise an issue of material fact about whether the parties are bound by contract to arbitrate. *Id.* All reasonable inferences are drawn in the non-movant's favor. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## II. Facts

Alberto Zepeda, a truck driver, died in a vehicle collision while working. [1-1] at 14, ¶¶ 9–10.[1] He was survived by his wife, Arkasha Zepeda, and their two minor children. [1-1] at 13, ¶ 2; [1-1] at 20.[2] The transportation company Alberto worked for, Del Express, Inc., had an occupational accident insurance policy issued by Atlantic Specialty Insurance Co., Inc. [1-1] at 13, ¶¶ 4–8; [1-1] at 53.[3] The policy provided an accidental death benefit of $50,000 and $200,000 in survivor's benefits. [1-1] at 14–15, ¶¶ 11–12. Alberto named Igor Zunac, the owner of Del Express, as the policy's beneficiary. [1-1] at 15, ¶ 15; [1-1] at 53. The policy also contained an arbitration clause that applied the laws of the District of Columbia. [1-1] at 39. After

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are from the CM/ECF header placed at the top of documents.

[2] To avoid confusion, I refer to Alberto and Arkasha Zepeda by their first names.

[3] Del Express was a contractor with BeavEx, a transportation and logistics company, and received the occupational accidental insurance coverage through a group insurance plan Atlantic Specialty issued to BeavEx. [1-1] at 13 ¶¶ 5–6.

Alberto's death, Arkasha filed a claim for benefits under the policy, but Atlantic Specialty failed to accept or deny her claim, writing that the presence of certain substances in Alberto's bloodstream might preclude coverage and describing a defect in Zunac's original affidavit that purported to renounce his claim to any benefits under the policy. [1-1] at 15 ¶¶ 13–14; [14] at 8–9. About a month later, Zunac signed an amended affidavit assigning his rights under the policy to Arkasha. [1-1] at 15, ¶ 15; [1-1] at 57. Arkasha then filed a lawsuit in Illinois state court against Atlantic Specialty and OneBeacon Services, Inc., another insurance company. [1-1] at 12; [1-1] at 2.[4] She seeks declaratory relief, including payment under the policy, and also claims defendants' unreasonable delay processing her claim violates the Illinois Insurance Code, which includes a $60,000 statutory penalty. [1-1] 16–17. Arkasha also named Del Express and Zunac as defendants and "interested and necessary" parties. [1-1] at 12. Atlantic Specialty removed the case to federal court under diversity jurisdiction. [1]. Arkasha is a citizen of Illinois, and Atlantic Specialty is a citizen of New York and Minnesota. [1] ¶¶ 4–5; [14] ¶ 9 (Plaintiff acknowledging her Illinois citizenship). Del Express and Zunac are citizens of Illinois. [1] ¶ 7. Atlantic Specialty then filed a motion to dismiss, [11], and Arkasha filed a motion to remand. [14].

---

[4] Defendants argue that OneBeacon Services did not issue the insurance policy and is therefore not a proper defendant, which Arkasha does not dispute. [12] at 11–12; [16]. The Clerk is directed to terminate OneBeacon Services as a party to the case.

**III. Analysis**

Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). For suits seeking declaratory relief, like Arkasha's, the amount in controversy is measured by the value of the object of the litigation. *Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003) (citing *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977)). Here, Arkasha seeks a declaration that she is entitled to all the benefits under the insurance policy, which is valued at $250,000. [1-1] at 16.[5] This amount exceeds the $75,000 threshold. Furthermore, the issue of indemnity is ripe for consideration. *See Nationwide Ins. Co. v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995) (the duty to indemnify is not ripe for adjudication only when liability in the underlying lawsuit has yet to be determined). Atlantic Specialty's failure to accept or deny Arkasha's claim is not the equivalent of an underlying action awaiting a legal judgment. Arkasha cannot seek declaratory relief but then argue her claim is premature to avoid removal. Irrespective of her second count, which alleges $60,000 in statutory penalties, Arkasha's action for

---

[5] This amount is supported by adequate evidence, the attached insurance policy. [1-1] at 22–51. *See Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (when challenged, the amount in controversy must be supported by "competent proof," which is "proof to a reasonable probability that jurisdiction exists.").

declaratory relief meets the amount in controversy requirement for federal jurisdiction.

Del Express and Zunac are citizens of the same state as Arkasha, and they were named as defendants, ostensibly making this a dispute between non-diverse parties. [1] ¶¶ 4,7. But diversity of citizenship between a plaintiff and defendants is not necessarily settled by the plaintiff's choice of caption—courts can look beyond the pleadings and realign the parties to conform to their true interests in the litigation (at the time the action commenced). *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (citing *Indianapolis v. Chase Nat. Bank of City of New York,* 314 U.S. 63, 69 (1941)). Before Arkasha filed her lawsuit, Zunac assigned his rights to her in an amended affidavit. [1-1] at 15, ¶ 15; [1-1] at 57; *see Plumb v. Fluid Pump Service, Inc.*, 124 F.3d 849, 864 (7th Cir. 1997) ("Elementary contract law provides that upon a valid and unqualified assignment the assignee stands in the shoes of the assignor and assumes the same rights … possessed by the assignor.") (citation and quotation omitted). As long as Arkasha possesses Zunac's rights, she has no claim against him here. Arkasha cannot use Atlantic Specialty's rejection of Zunac's first affidavit, [1-1] at 15 ¶¶ 13–14; [14] at 8–9, as evidence of a dispute about the validity of Zunac's amended affidavit. Even assuming Atlantic Specialty disputed the amended affidavit, neither Zunac nor Del Express have reneged on the assignment or challenged Arkasha's claim to the benefits. There is no actual conflict between Arkasha on one side and Zunac and Del Express on the other, so their citizenship does not affect this court's jurisdiction.

Moreover, Arkasha cannot name Del Express and Zunac as non-diverse defendants just to destroy diversity jurisdiction. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Under the fraudulent joinder doctrine, a district court may dismiss non-diverse defendants if the plaintiff has no chance of success against them, which requires determining whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant. *Id.* at 763–64. For the reasons identified above, even after resolving all issues of fact and law in Arkasha's favor, there is no possibility that she could establish a cause of action against Del Express and Zunac. She doesn't even seek relief from them. [1-1] at 16–18.[6] Arkasha suggests that she may at some point move to amend her complaint to add a claim for declaratory judgment against Zunac, [19] at 3–4, but no such claim was asserted at the time of removal. For purposes of assessing the propriety of removal and the presence of jurisdiction, Zunac and Del Express were fraudulently joined. They are dismissed and terminated as parties to the case.[7] Arkasha's motion to remand is denied.[8]

Arkasha concedes that her claim for benefits and declaratory relief should be arbitrated but argues that her claim under the Illinois Insurance Code falls outside

---

[6] Arkasha doesn't even appear to have served Del Express or Zunac, and no attorney has appeared on their behalf.

[7] Because Del Express and Zunac were fraudulently joined, their consent was not required for removal. *See Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) (nominal parties are disregarded for removal purposes and need not join in the petition).

[8] Because the motion is denied, Arkasha's request for attorney's fees under the federal removal statute is moot. *See* 28 U.S.C. § 1447(c).

the scope of arbitration because it is a separate statutory matter. [16] at 2.[9] To compel arbitration under D.C. law, the court must find an enforceable agreement to arbitrate and that the underlying dispute falls within the scope of the agreement. *Jahanbein v. The Ndidi Condominium Unit Owners Ass'n, Inc.*, 85 A.3d 824, 827 (D.C. 2014)[10]; *see also Certain Underwriters at Lloyd's London v. Ashland, Inc.*, 967 A.2d 166, 173 (D.C. 2009) (the question of arbitrability is one of law, and a reviewing court is obligated to make its own determination of the issue). Whether Arkasha's statutory claim is arbitrable depends on whether the arbitration clause is susceptible to an interpretation that covers the dispute. *See Woodroof v. Cunningham*, 147 A.3d 777, 787–88 (D.C. 2016). Any ambiguity should be construed in favor of arbitration. *Id.* at 788. The arbitration clause in Atlantic Specialty's insurance policy covers "[a]ny contest to a claim denial and/or any dispute in connection with a claim under the Policy." [1-1] at 39. This broad language does not limit coverage to contractual claims or exclude statutory claims. *See Parker v. K & L Gates, LLP*, 76 A.3d 859, 867 (D.C. 2013) (an arbitration provision covering any "controversy, claim or dispute" included contractual, tort, and statutory claims). Arkasha's vexatious delay claim under the Illinois Insurance Code is the same as a "dispute in connection with a claim" because

---

[9] A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits to determine what substantive law applies. *Gunn v. Continental Casualty Company*, 968 F.3d 802, 808 (7th Cir. 2020). For contract disputes, Illinois courts typically honor contracting parties' choice-of-law provision. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 351 (2002). Here, the parties' contract is governed by D.C. law. [1-1] at 23, 39. No exception applies since Illinois public policy favors arbitration, *Phoenix Ins. Co. v. Rosen*, 242 Ill.2d 48, 59 (2011), and Illinois law does not have a blanket prohibition against binding arbitration provisions in insurance policies. *See* 710 Ill. Comp. Stat. 5/1, *et seq.*

[10] The parties do not dispute that they have an enforceable agreement.

it concerns the amount of time Atlantic Specialty has taken to decide her insurance claim. Moreover, Arkasha fails to cite any evidence or present any argument as to why her second claim isn't arbitrable or why the D.C. choice-of-law provision shouldn't apply.[11] *See Rozumalski v. W.F. Baird & Associates, Ltd.*, 937 F.3d 919, 925 (7th Cir. 2019) (waiver occurs when the party opposing summary judgment fails to inform the judge of the factual or legal reasons why judgment should not be entered). Arkasha must submit her vexatious delay claim to arbitration.[12]  This case is stayed. 9 U.S.C. § 3; *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.").

---

[11] Illinois courts will not enforce a contractual choice-of-law provision if it contravenes Illinois public policy, if there is no relationship between the chosen forum and the parties or the transaction, if a difference in law affects the outcome of the case, if Illinois has a materially greater interest in the case, or if the parties agree that forum law does not apply. *See Hartford v. Burns Intern. Sec. Services, Inc.*, 172 Ill.App.3d 184, 187 (1st Dist. 1988); *Maher and Associates, Inc. v. Quality Cabinets*, 267 Ill.App.3d 69, 76 (2nd Dist. 1994). Even if D.C. law fails to provide a similar extra-contractual remedy as the Illinois Insurance Code, Illinois courts "should not refuse to apply the law of a foreign state, however unlike its own, unless it is contrary to pure morals or abstract justice, or unless the enforcement would be of evil example and harmful to its own people." *Champagnie v. W. E. O'Neil Const. Co.*, 77 Ill.App.3d 136, 139 (1st Dist. 1979).

[12] A motion to compel arbitration is properly decided under Rule 12(b)(3) and not Rule 12(b)(1). *See Grasty v. Colorado Technical University*, 599 Fed.App'x. 596, 597 (7th Cir. 2015) (motions to compel arbitration concern venue, not subject matter jurisdiction) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985), *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 844 (7th Cir. 2009), and *Jackson v. Payday Fin.*, LLC, 764 F.3d 765, 773 (7th Cir.2014)). Consequently, Arkasha's agreement to arbitrate does not render her motion to remand moot. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (there is no mandatory sequencing of jurisdictional issues).

## IV. Conclusion

Plaintiff's motion to remand, [14], is denied. Atlantic Specialty's motion to dismiss and compel arbitration, [11], is granted in part, denied in part. Plaintiff is compelled to arbitration and this case is stayed in its entirety pending arbitration. The Clerk shall terminate OneBeacon Services, Zunac, and Del Express as parties to the case. The parties shall file a status report on the progress of arbitration proceedings on February 18, 2021.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: November 17, 2020